Doyle, J.
In a proceeding in mandamus to compel an officer to do an act, which, it is claimed, the law enjoins on him as a duty, the existence of all the facts necessary to put him in default must be shown. Cincinnati College v. La Rue, 22 Ohio St. 469 ; State v. Capeller, ante.
Before the relator can have the relief sought, it must show that it has a clear right, under the law, to do business in Ohio, *488 and that defendant wrongfully withholds from it his certificate that it has complied with the law on the subject.
In the case of the Fidelity Mutual Aid Association (State v. Moore, 38 Ohio St. 7), we held that “A company of another state organized for ‘insuring lives on the plan of assessment upon surviving members’ without limitation, does not come within the class of companies provided for in sec. 3630 of the Revised Statutes. That section does not embrace companies insuring the lives of members for the benefit of others than their families and heirs.”
The principle thus announced would exclude the relator unless the law has been changed by subsequent legislation so as to confer the right now claimed.
It is contended that amended section 3630<?, passed April 18, 1883 (80 Ohio L. 180), has accomplished that result. That section is as follows:
“ Any corporation, company or association, ox’ganized under the law of any other state to insure lives of members on the assessment plan, and authorized to transact the business contemplated in sec. 3630 (shall be permitted to do such business, to wit: the business contemplated in sec. 3630) ixx this state, by first complying with the laws of the state of Ohio regulating cox’porations, companies or associatioxxs orgaxiized for the mutual protection of its xnembex's within this state, upoxx obtaining from the superintendent of insurance of this state a certificate of such compliance, which certificate shall not be granted until such foreign corporation, company or association shall have appointed an agent or attoxuiey within this state, upon whom service of px-ocess may be had. Provided, that the superintendent of insurance shall not be required to issue certificates to do bxxsiness in Ohio to an agent of any such corporation, company, or association ox’ganized in any state in which such Ohio coi’porations, companies, or associations are not permitted to do lousiness on substantially the same basis and limitations as they are ixx Ohio.”
It will be seen that before a cox’pox’ation, organized under the law of another state, shall be permitted to do business in Ohio, or be entitled to the certificate from the insurance com *489 missioner, it must appear, 1. That it is a company or association organized to insure lives of members on the assessment jalan. 2. That it is authorized, i. e. by the law of its organization, to transact the business con tern jfiated by section 3630', Rev. Stats. 3. That it has complied with the laws of this state regulating companies, corporations or associations organized for the mutual protection of its members within this state. 4. That it has appointed an agent or attorney in this state, upon whom service of process may be had.* And 5. That in the state in which it is organized, Ohio corporations, companies or associations, are permitted (and that means permitted by law) to do business on substantially the same basis and limitations as they are in Ohio.
■ The latter requirement is not shown by the relator in this case. By the statute of New York, passed April 2, 1883, which is in evidence, it is enacted as follows :
“ Sec. 1. Any number of persons not less than nine, residents of the state of Now York, hereafter desiring to form an organization, fraternal or non-fraternal, for the purjjosc of transacting the business of life and casualty insurance, or both life and casualty insurance, ujaon the co-operative or assessment plan, may associate themselves tog-ether, and affect such organization as hereinafter prescribed.”
By section 5, it is provided that any corporation, association or society, which issues any certificate, policy or other evidence of interest to, or makes any promise or agreement with its members, whereby ujaon the decease of a member any money, or other benefit, charity, relief or aid is to be j:>aid, provided or rendered by such corporation etc. to the legal rejaresentatives of such member, or to the beneficiary designated by such member, which money, benefit, charity, relief or aid are derived from voluntary donations, admission fees, dues or assessments, or any of thorn, collected or to be collected from the members thereof, etc., shall be deemed to be engaged in the business of life insurance upon the co-operative or assessment plan, and shall be subject only to the provisions of this act. By section 6, of the act the same provisions are made with *490 reference to companies or associations, insuring against sickness or disability.
This is a legislative definition of the business of life insurance, upon' the assessment plan, in the state of New York. It includes a kind of insurance not contemplated by sec. 3630 of our Revised Statutes. A business which, under the authority of State v. Moore, supra, cannot be engaged in, in this state, without furnishing security for the assured as provided in secs. 3604, 3605 Revised Statutes.
By section 10 of the aforesaid act, it is made the duty of the insurance commissioner of New York to refuse a certificate of authority to any such corporation, organized under the laws of any other state, when in his judgment such refusal will best promote the public interests. And also to refuse such certificate to any such corporation when, by the laws of the state under which the same is organized, corporations of New York doing a life and casualty business upon the assessment or co-operation plan are not permitted to transact such business in such other state.
“ Such business ” in this statute, means the business of insurance on the assessment or co-operation plan, as defined by the act, and includes business, as we have already seen, which cannot be permitted under the laws of this state, i. e., insuring the lives of members for the benefit of others than their families and heirs, without compliance with the provisions of section 3604, Rev. Stats.
It is quite apparent, too, that the discretion vested in the insurance commissioner of New York, might be so exercised as to exclude all Ohio companies. It is in evidence that he has already excluded such companies, on the ground that there are over one hundred such companies doing this business in New York, “ quite enough for the. demands of the people of that state.” Conceding the claim of the relator, that this discretion cannot be arbitrarily or oppressively exercised, it is nevertheless true that no Ohio company can demand, as a legal right, a certificate to do business in that state, where such discretion is fairly exercised, which can be enforced by mandamus. Under the other provision, it is equally clear that the provisions of *491 our law, which exclude the business of insuring lives of members for the benefit of others than their families or heirs, can be made the basis of a refusal to issue any certificate to an Ohio corporation, organized to do the business contemplated by section 3630 of our Revised Statutes.
"We have not, for the reasons given, considered it necessary to examine the other questions made by counsel.

Writ refused.